In the Matter of Marion A. BILLICK and Marion A. Billick and Vivian Billick Farms, Inc., Debtors.

Christa HALLET, Petitioner,

v.

COMMERCE BANK OF BARRY COUNTY, Respondent.

Bankruptcy Nos. 85–02099–SW–11 and 85–02131–SW–11.
Adv. A.[1] No. 86–0538–SW–11.

United States Bankruptcy Court,
W.D. Missouri,
South Western Division.

Nov. 19, 1986.

---

**1.** Rule 7001(1) of the Rules of Bankruptcy Procedure applicably provides that "(a)n adversary proceeding is ... a proceeding in a bankruptcy court ... to recover money or property ..."

Therefore, because the request for relief in this instance is to recover certain real property, it answers to the description of an adversary action in bankruptcy.

Douglas Winchester, Springfield, Mo., for petitioner.

Robert L. Bradley, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, Mo., for respondent.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING PETITIONER'S CLAIM FOR RELIEF

DENNIS J. STEWART, Chief Judge.

■ This action was commenced by a letter motion of the petitioner requesting that the court compel the respondent bank to sell certain real property to her. Because the bankruptcy court can have jurisdiction only if the property can be considered part of the bankruptcy estate, and actions to recover money or property from the bankruptcy estate must be filed as adversary actions pursuant to Rule 7001(1) of the Rules of Bankruptcy Procedure, the clerk is instructed to assign an adversary action number to this request for relief.[2]

According to the request of the petitioner and her counsel, Douglas Winchester,[3]

---

**2.** See note 1, *supra.*

**3.** Who is also counsel for the estate. The court reserves the determination of the question of whether Mr. Winchester's attempting to have the property transferred out of the estate in-

the matter came on before the court for hearing on October 23, 1986, in Joplin, Missouri. The respondent bank then appeared by Robert L. Bradley, Esquire, and by William A. Easeley, the president of the Commerce Bank of Barry County. The evidence which was then adduced showed that, on June 5, 1986, the Commerce Bank of Barry County filed a motion in this chapter 11 case for relief from the automatic stay; that the court, on June 11, 1986, issued its order directing the movant to submit documentary evidence of the validity and perfection of its claimed security interest and the absence of any equity for the debtors in the subject property; that the movant responded with documentary evidence of the validity and perfection of its claimed security interest and the showing that the value of the property was $116,751.93 and that the balance due was $121,415.09; that, on June 26, 1986, this court issued its order granting the motion for relief from the automatic stay unless a sufficient offer of adequate protection were made within 15 days [3a]; that, subsequently, on the basis of a report that the debtors' offer of adequate protection was inadequate,[4] this court issued its order on August 13, 1986, setting a hearing on the issue of the sufficiency of adequate protection for September 19, 1986, in Joplin, Missouri; that, in the meantime, on August 15, 1986, after the court's grant of relief from the automatic stay, as above mentioned, on June 26, 1986, the petitioner and the debtor Marion A. Billick met with the president of the Commerce Bank of Barry County; that, on this occasion, the debtor Marion A. Billick indicated an intention to execute an unconditional warranty deed of the property in question to the Commerce Bank of Barry County; that he did so, according to his testimony in the hearing of this action,

because he understood that the Commerce Bank of Barry County intended to sell the property to Mrs. Hallet for the balance due against it; that, if he had not been informed that such was the intention of Mrs. Hallet and the Commerce Bank of Barry County, he would not have executed the deed; that, on the same date, August 5, 1986, Ms. Hallet conversed with Mr. Easeley concerning the possibility of her purchasing the property from the bank for the amount owed to the bank by the debtors; that Mr. Easeley accepted Ms. Hallet's financial statement on this occasion and drew up all the papers which would be necessary to consummate the transfer, which was then scheduled to take place on August 15, 1986; and that the three persons again met on August 15, 1986. The events which then took place on August 15, 1986, are a matter of dispute in the testimony. According to Mr. Easeley, Ms. Hallet came into the bank on that date in the company of Mr. Billick. Ms. Hallet said that she was no longer interested in the property. And, *after* she stated that she was no longer interested in the property, Mr. Billick executed a deed to the property to the Commerce Bank of Barry County. Mr. Easely nevertheless granted Ms. Hallet ten days in which to change her mind, stating that he would honor her election to purchase the property if it were made within the ensuing ten days.

Ms. Hallet's and Mr. Billick's version of the meeting was that Ms. Hallet did not indicate any cessation of interest in the property when she met with Mr. Easeley on August 15, 1986; that Mr. Billick executed the deed to the bank on that date with the understanding that the property would be reconveyed to Ms. Hallet; that Ms. Hallet left the office with the feeling

---

volves a conflict of interest so as to disqualify him as counsel for the debtors.

**3a.** The material words of the order were that "movant's within motion for relief from the automatic stay ... is ... GRANTED, unless adequate protection in accordance with the above principles is conferred by respondents on movant within fifteen (15) days of the entry of this order."

**4.** On August 1, 1986, the Commerce Bank of Barry County filed its "notice of failure to make adequate protection payment and of intention to foreclose on collateral," stating that "debtor has failed to confer on Commerce Bank of Barry County adequate protection payments provided in the court's order of June 26, 1986."

that the "door was wide open" for her to purchase the property; that her hesitation in buying the property was due to her concern that others interested in the processing of the chapter 11 estate would call her a "conspirer" because of the fact that the farm is "worth much more than what is against it"; that she therefore intended to consult an attorney to see whether she had a right to buy the property before she went through with it; that the conference of August 15, 1986, ended with Mr. Easeley stating that he "would hold the property for (Ms. Hallet) for a few days, about a week"; that, the next day, August 16, 1986, Ms. Hallet received the court's order of August 13, 1986, setting a hearing on the issue of adequate protection for September 19, 1986; that, in a letter dated August 18, 1986, counsel for the Commerce Bank of Barry County advised the court that the adequate protection issue had been resolved by agreement between the parties and that the hearing of September 19, 1986, would not be necessary; that, as late as August 29, 1986, Mr. Easeley informed Ms. Hallet that he had not succeeded in concluding a sale to any other party; that, on that date, he told her that he had shown the property to one Garrett, but that he had had "no answer from him and I don't think you have anything to fear."

According to the testimony of Marion A. Billick—which was the only evidence of value adduced in the hearing of the issues at bar—the property in question has a value of $212,000 ($1,000 per acre for 212 acres). Ms. Hallet, as observed above, proposes to purchase the property by paying the bank the approximately $121,000 owed the bank on the property and for the additional concession of forgiving a claim of $21,387.50 against the bankruptcy estate.

■ In determining the request of Ms. Hallet for relief, the fundamental legal principle to be observed is that postpetition transfers of estate property may be made by a debtor or a trustee only as authorized by the Court. Section 549 of the Bankruptcy Code; *Matter of Isis Foods, Inc.*, 37

B.R. 334, 336 (W.D.Mo.1984) ("(P)ostpetition transfers ... are ... subject to avoidance under section 549 unless excepted from operation of that rule."). Authorization of the court *post hoc* for such a transfer, moreover, is insufficient. "It would appear that proposed transfers could be presented in advance to a bankruptcy court for its approval and would thereafter be insulated from attack under section 549." *Id.*, p. 336, n. 3. Even if the court has some discretion at this time, however, the paramount fact which it would have to consider is that, according to the petitioner's own testimony and contentions, as supported by those of Mr. Billick, the property in question has a value nearly $100,000 in excess of that which is owed against it to the Commerce Bank of Barry County. For this $100,000, or thereabouts, in value, the petitioner, Ms. Hallet, proposes to grant the estate a little over $21,000 by way of forgiving her claim against the estate in that amount. Such a *quid pro quo* can hardly be regarded as "reasonably equivalent value" within the meaning of the bankruptcy laws regulating fraudulent transfers.[5] This court could not be expected to grant approval for such a postbankruptcy transfer which would take such a substantial amount of value out of the estate and away from the general creditors and the control of the reorganization court. It would be a patent violation of the reorganization court's duty to conserve and protect the property of the estate to approve such a transfer.

■ Nor, for the same reasons, can the court approve the transfer of the real property to the Commerce Bank of Barry County by means of the deed which the debtor executed to the bank. The court's order of June 26, 1986, conditionally granting relief from the automatic stay cannot be regarded as granting authority for such a transfer. The granting of relief from the automatic stay contemplated, under the law of bankruptcy, as well as the general law, that, in exercising any foreclosure rights,

---

**5.** See section 548(a)(2) of the Bankruptcy Code.

the bank would sell the real property in a commercially reasonable manner and that any surplus would be restored to the bankruptcy estate.[6] But the execution of the deed, without court authority, would effectively remove that surplus value from the estate. Accordingly, the transfer cannot be approved by the court.

 This is especially so when the debtor admittedly transferred property to the bank, not for the sole purpose of foreclosure, but for the purpose of the bank's taking over title of it and transferring it, with its considerable equity, to the petitioner. This scheme for depletion of the estate, and for taking the property of the estate out of the control of the court cannot be condoned by the court. If the debtors are to continue in chapter 11 proceedings, accordingly, they must, with all appropriate celerity, file the actions which have the expectable prospect of achieving avoidance of the transfer of the property to the Commerce Bank of Barry County as an unauthorized postpetition transfer within the meaning of section 549 of the Bankruptcy Code. If the bank, of course, determines that it should reconvey the property to the bankruptcy estate, then the court will again take up the matter of whether it should be granted relief from the automatic stay in the absence of adequate protection as contemplated by the order of June 26, 1986. For a grant of relief from the stay, should the property turn out to have more value than that which is owed against it, should result in the excess being paid over to the bankruptcy estate. This is so even though the initial foreclosure sale may result in a bid by the bank and ultimate disposition is for a greater amount than was the balance due at the time of the foreclosure sale. The excess value remains payable to the estate. See, e.g., *Matter of Fountain,* 32 B.R. 965, 968, n. 6 (Bkrtcy.W. D.Mo.1983), and cases and authorities there cited.

---

**6.** The debtor has "an equitable interest in the surplus funds within the meaning of section 541 of the Code.... The properly broad reading of section 541 thus requires that we recognize that

For the foregoing reasons, accordingly, it is hereby

ORDERED that the petition for relief filed by the petitioner, requesting that the court require the Commerce Bank of Barry County to convey certain real property to her be, and it is hereby, denied.

this interest became part of the bankruptcy estate." *In re Brown,* 734 F.2d 119, 123–24 (2d Cir.1984).