In re Dennis L. CHAMBERS, and Vicki L. Chambers, Debtors.

Bankruptcy No. 85 B 16205.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 28, 1991.

Sharon Swarensky Bilow of Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, Ill., for debtors.

Steven E. Cole of U.S. Dept. of Justice, Washington, D.C., for the I.R.S.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Chief Judge.

Vicki Chambers ("Debtor") has moved for attorneys' fees and costs against the Internal Revenue Service and the Department of Justice (collectively "Government") pursuant to either 28 U.S.C. § 2412 (Equal Access to Justice Act) or 26 U.S.C. § 7430. The Debtor makes this request after prevailing in an action against the Government on a question of the Debtor's vicarious tax liability. The court after considering the pleadings, exhibits and memoranda filed, awards attorneys' fees and costs to the Debtor under 26 U.S.C. § 7430.

## FACTS AND BACKGROUND

The Government claims that in 1980 it determined that the Debtor was liable under 26 U.S.C. § 6672[1] for the unpaid employee withholding taxes of Federal Storage and Moving Company ("Federal Storage"), an Illinois corporation, for certain periods during 1978 and 1979. The Debtor was the secretary and a part time employee of Federal Storage during the periods in question.

According to the Government, an assessment was made against the Debtor on October 6, 1980 for the unpaid employee withholding taxes of Federal Storage. The Debtor contends however that she did not become aware of the Government's claim for the taxes until 1982. The Government failed at trial to produce any evidence of a

---

1. Section 6672 of the Internal Revenue Code provides that "any person required to collect, truthfully account for, and pay over any tax ... who willfully fails to collect such tax, or truthfully account for and pay over such tax ..." shall be personally liable to the United States for the full amount of the taxes not collected or paid over to the United States. "Person", for purposes of 26 U.S.C. § 6672 includes an officer or employee of a corporation who is under a duty to collect and remit the taxes to the United States. 26 U.S.C. § 6671(b).

valid assessment or of notice and demand for payment on the assessment.

Upon learning of the assessment, the Debtor contacted the Government. The Government then filed notices in April and June of 1982 of federal tax liens in three states where the Debtor held property. Over the next several years, the Debtor contacted the Government on numerous occasions in an attempt to resolve the matter.

On January 17, 1985, on the advice of an IRS employee, the Debtor submitted a claim for a $50 refund which she had paid toward the assessment. In her request for the refund, the Debtor included signed statements of two former Federal Storage employees, Brenda Minix and Donna Conrad. The statements explained the Debtor's limited duties at Federal Storage. (Exhibit 3 to Debtor's Petition for Attorneys' Fees and Costs).

On September 12, 1985, while the Debtor's refund was pending, the Government attempted to levy on the Debtor's wages. The IRS disallowed the Debtor's claim for a refund on November 25, 1985. Although the Government alleges it sent a copy by certified mail of this decision in November of 1985, it has no record of who signed for the letter. The Debtor does not acknowledge receiving notice of the disallowance. The Debtor claims she did not become aware of the Government's decision on the refund until July, 1989 after informing U.S. Trustee that she had never been notified of the Government's decision on her claim for a refund and after the U.S. Trustee had corresponded with the Government.

On November 26, 1985, the Debtor and her husband, Dennis Chambers, commenced a joint bankruptcy case. On April 17, 1986 the Government filed its proof of claim, pursuant to 26 U.S.C. § 6672, against both the Debtor and Dennis Chambers, who had been President of Federal Storage during the periods in question. The Government claimed that the Debtor and Dennis Chambers were personally lia-

ble under 26 U.S.C. § 6672 for the withholding taxes of Federal Storage employees for the second, third and fourth quarters of 1978 and for the first and second quarters of 1979. The Government listed an assessment of $3,861.41 plus $2,180.38 interest (and a $10 lien fee). On June 5, 1986 and on October 3, 1986, the Government amended its proof of claim to increase the penalty against the Debtor and Dennis Chambers to $33,407.31 plus $30,449.96 in interest through the date of the filing of the bankruptcy petition. Because the Government missed the boat and failed to assess Dennis Chambers in a timely manner, the Government could not collect the unpaid taxes from him. The Government however, did what it considered the next best thing; it continued to pursue the Debtor.

In August 1988, counsel for the Debtor corresponded with Gerard Brost, an attorney with the Tax Division of the U.S. Department of Justice assigned to this case. Counsel submitted to Gerard Brost affidavits of former Federal Storage employees which reflected that the Debtor was not responsible for collecting and paying over the withholding taxes. Gerard Brost made his own contacts with several former employees of Federal Storage. Early in 1989, Gerard Brost told counsel for the Debtor that it was his opinion that Vicki Chambers was not a "responsible person" liable for Federal Storage employee withholding taxes. (Declaration of Gerard Brost, Debtor's Exhibit 13 to Petition for Attorneys' Fees and Costs).[2] This however did not stop the Government from its pursuit of the Debtor.

In November 1989, the Debtor filed her motion to deny the Government's claim in the bankruptcy proceedings. The Government responded that it could not withdraw the claim because the bankruptcy court had no jurisdiction over the matter. The Government asserted that if the Debtor wanted to resolve the issue, she must file an adversary complaint[3] in bankruptcy or a claim for a refund with the IRS.

---

**2.** Gerard Brost left the Tax Division shortly thereafter.

**3.** The court was mistaken in stating in its earlier opinion that an adversary proceeding had been filed. The absence of an adversary complaint

On August 13, 1990, the court conducted a trial on the Debtor's objection to the Government's claim. The Government failed to produce some of the exhibits listed in the pre-trial order until immediately prior to the trial. The court did not allow these exhibits to be admitted into evidence. At the trial, the court determined that the Debtor was not responsible for collecting and remitting the Federal Storage employee withholding taxes and thus could not be held personally liable for the taxes.

In addition, on November 29, 1990 the court entered a further order that the Government's failure to provide notice and demand to the Debtor of the tax assessment pursuant to 26 U.S.C. § 6303 precluded the government from collecting the unpaid taxes in bankruptcy.[4]

On January 9, 1991 the Debtor filed the present motion for attorneys' fees and costs. The Government has objected to the claim on five grounds.

## DISCUSSION

### I. *The Request For Fees Need Not Be Brought By A Separate Adversary Proceeding*

Before reaching the merits of the fee application, the court must address several procedural arguments raised by the Government. First, the Government alleges that the Debtor's petition for attorneys' fees and costs must be dismissed because it was not brought as an adversary proceeding but rather was brought as a contested matter by motion. The Government argues that Bankruptcy Rule 7001(1) is applicable to the request for attorneys' fees and mandates that the fee application be brought by an adversary proceeding.

Bankruptcy Rule 7001 sets forth 10 types of litigated matters which are adversary proceedings. Rule 7001(1) states:

> An adversary proceeding is a proceeding (1) to recover money or property, except a proceeding to compel the debtor to deliver property to a trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002.

This circuit has held that a litigant must comply with the rules applicable to adversary proceedings. In *In re Perkins*, 902 F.2d 1254 (7th Cir.1990), the Seventh Circuit vacated a turnover order in part because it had been commenced by a motion and not by an adversary proceeding. Further, in *In re Pence*, 905 F.2d 1107 (7th Cir.1990), a creditor moved to revoke a confirmation order. The court held that normally a creditor must commence such a procedure by an adversary proceeding but found that the debtor had waived any objections to the form of the proceeding. In this case the Government has not waived objections to the form of the action. Therefore, the motion requesting attorneys' fees must be denied if it falls within the scope of Bankruptcy Rule 7001.

While Bankruptcy Rule 7001(1) has been held applicable to a variety of situations including replevin actions to recover money or property, motions to avoid post-petition transfers, and actions for the turn over of collateral, it has not generally been utilized in requests for attorneys' fees. *See, e.g., In re Auxano, Inc.*, 96 B.R. 957 (Bankr. W.D.Mo.1989); *In re McCorhill Publishing, Inc.*, 73 B.R. 1013 (Bankr. S.D.N.Y.1987); *In re Billick*, 67 B.R. 670 (Bankr.W.D.Mo.1986). In fact, this court is not aware of any cases in which a bankruptcy court has concluded that a request for attorneys' fees must be brought by an adversary complaint.

In *In re Elegant Concepts, Ltd.*, 67 B.R. 914 (Bankr.E.D.N.Y.1986), the debtor filed a motion under § 362(h) of the Code seeking a determination that the creditor had deliberately violated the automatic stay and requested costs, fees and punitive damages. The court discussed whether the proceeding should have been brought as an adversary proceeding. In its discussion,

does not affect the present motion. *See, infra* Part I of the Discussion.

**4.** The court excluded evidence which allegedly would have shown that an assessment was made and that notice and demand of the assessment were given because the Government failed to produce such evidence until the morning of the trial, contrary to the pre-trial order.

the court explained that it was the request for punitive damages (and not the claim for fees and costs) which would have made Bankruptcy Rule 7001(1) applicable. The court stated:

> In view of the fact the debtor is seeking to recover punitive damages, the court questions whether, since the debtor seeks to recover money, the debtor should not have initiated an adversary proceeding, as required by Bankruptcy Rule 7001(1) rather than proceeding by motion. *Id.* at 917.

The court finds that Bankruptcy Rule 7001(1) does not govern requests for attorneys' fees.

■ Nevertheless, even if the Debtor's petition for fees and costs fits within the scope of Bankruptcy Rule 7001(1), a separate adversary proceeding was not required. The Debtor's request for fees and costs was brought in connection with her objection to the Government's claim. As the Debtor points out, the clear language of Bankruptcy Rule 3007 does not require that a separate adversary proceeding be brought. Bankruptcy Rule 3007 states that an objection to a claim joined with a request for relief of the kind specified in Rule 7001 *becomes* an adversary proceeding. *See, In re Kessler*, 116 B.R. 24, 25 (Bankr.R.I.1990). Therefore, based on Bankruptcy Rule 3007, the Debtor did not need to file a separate adversary complaint. The request for attorneys' fees in connection with the objection to the Government's claim was properly brought by motion.

## II. *The Only Statutory Basis For Fees is 26 U.S.C. § 7430*

■ The Government argues next that 26 U.S.C. § 7430 is the only attorneys' fee provision applicable to this proceeding.

The Debtor seeks an award of fees under either 28 U.S.C. § 2412 or 26 U.S.C. § 7430. Section 2412(e) of the Equal Access to Justice Act specifically states that it does not apply to any proceeding in which 26 U.S.C. § 7430 applies.[5] Section 7430 applies to "any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection or refund of any tax, interest or penalty." Because this case involves the determination of a tax, the court concludes that 26 U.S.C. § 7430 rather than 28 U.S.C. § 2412 applies. Thus, the court will address the request for fees under 26 U.S.C. § 7430 only.

## III. *The Court Is Not Barred By Res Judicata From Deciding The Issue Of Fees And Costs*

■ In the court's November 29, 1990 order, the court stated "each party is to bear its own costs." The Government argues that because this judgment was not appealed and a motion to alter or amend the order was not filed, the Debtor's petition for fees and costs must be dismissed under the doctrine of res judicata. The Government's position is disingenuous.

Section 7430(c)(4)(A)(iii) requires a party moving for fees and costs to file an application within 30 days of a final judgment in the action.[6] A request for fees under 26 U.S.C. § 7430 can not be commenced until a party has prevailed on the tax issue. Thus, in order to request fees, there must first have been a final adjudication on the tax issue. Because the issue of fees and costs was not and could not be litigated until a final judgment on the underlying tax matter, res judicata does not apply to

---

**5.** 2412(e) states:

> The provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1954 applies . . .

**6.** Section 7430(c)(4)(A)(iii) requires a party moving for fees and costs to meet the requirements of 28 U.S.C. § 2412(d)(1)(B). 2412(d)(1)(B) provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed.

bar the court from awarding fees and costs in this case.

 Further, there was no need to bring a Rule 59(e) motion to alter or amend the judgment prior to the request for fees. The Seventh Circuit has held that post-judgment requests for attorneys' fees and costs are not governed by Fed.R.Civ.Proc. 59(e) or its ten day time limit. *Bond v. Stanton,* 630 F.2d 1231 (7th Cir.1980), *cert. denied,* 454 U.S. 1063, 102 S.Ct. 614, 70 L.Ed.2d 601 (1981). *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 450 n. 12, 102 S.Ct. 1162, 1166 n. 12, 71 L.Ed.2d 325 (1982). Rather, the Seventh Circuit treats postjudgment requests for attorneys' fees as costs under Fed.R.Civ.Proc. 54(d) and 58.[7]

In *White v. New Hampshire Department of Employment Security,* the Supreme Court determined that a post-judgment request for attorneys' fees under the Civil Rights Attorney's Fees Awards Act was not governed by Rule 59(e). The Court explained that Rule 59(e) has typically been invoked to reconsider a judgment on the merits. *Id.* at 452–453, 102 S.Ct. at 1166–1167. The Court stated that since the Fees Act provides for attorneys' fees only to a "prevailing party", the decision on fees is entirely distinct from a decision on the underlying litigation. ("A motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is therefore, not governed by provisions of Rule 59(e)." *Id.* at 452, 102 S.Ct. at 1166, citing *Knighton v. Watkins,* 616 F.2d 795, 797 (5th Cir.1980)). Likewise, a request for fees under 26 U.S.C. § 7430 raises issues collateral to the underlying litigation and is not governed by Rule 59(e).

The court's November 29, 1990 order which provided that each party was to bear its own costs merely sets forth the general rule regarding attorneys' fees in federal cases. This general rule known as the American Rule requires each party to pay its own attorneys' fees regardless of who wins or loses. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *Hamilton v. Daley,* 777 F.2d 1207 (7th Cir.1985). The American Rule applies in all cases unless an exception applies. An exception to the American Rule exists where Congress has specifically authorized fee shifting. Section 7430 of the Internal Revenue Code is a fee shifting statute which authorizes the award of fees against the Government to the prevailing party.

The petition for fees was timely brought pursuant to 26 U.S.C. § 7430 and is not barred by either res judicata or 59(e) of the Federal Rules of Civil Procedure.

### IV. *The Bankruptcy Court Has Jurisdiction To Award Attorneys' Fees And Costs To The Debtor*

 Finally, the Government contends that the bankruptcy court does not have jurisdiction to award attorneys' fees under 26 U.S.C. § 7430 for two reasons. First, the Government contends that the bankruptcy court is not a "court of the United States" for the purpose of awarding fees under 26 U.S.C. § 7430. The Government also alleges that the request for attorneys' fees is a non-core matter over which the court lacks jurisdiction to enter a final order.

Although several bankruptcy courts and district courts have addressed the merits of a fee award under § 7430 of the Internal Revenue Code,[8] only recently has the issue

---

**7.** Rule 54(d) does not impose a time limit within which a motion for costs must be made:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the U.S. or its officers and agencies shall be imposed only to the extent permitted by law.

Rule 58 states in pertinent part:

Entry of the judgment shall not be delayed for the taxing of costs.

In addition, General Rule 46 for the District Court, Northern District of Illinois requires a petition for attorneys' fees to be filed within ninety days of the entry of a final judgment.

**8.** *See In re Olson,* 100 B.R. 458 (Bankr.N.D.Iowa 1989), *aff'd* 121 B.R. 346 (N.D.Iowa 1990); *In re Graham,* 106 B.R. 692 (Bankr.Colo.1989); *In re*

of whether a bankruptcy court has jurisdiction to make such an award been raised. In *In re Brickell Invest. Corp.*, 922 F.2d 696 (11th Cir.1991), the Eleventh Circuit held that in order for a bankruptcy court to have jurisdiction to award fees under 26 U.S.C. § 7430, it must be considered a "court of the United States". Section 7430 provides:

> (a) In general. In any administrative or **court proceeding** which is brought by or against the U.S. in connection with the determination, collection or refund of any tax, interest or penalty under this title, the prevailing party may be awarded a judgment or settlement ... (emphasis added)

A court proceeding is defined in 26 U.S.C. § 7430(c)(6) as "any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court)."

In determining that a bankruptcy court is not "a court of the United States", the *Brickell* court looked to other statutes which defined "court of the United States" as Article III courts only. *See, In re Richardson*, 52 B.R. 527, 531 (Bankr.W.D.Mo. 1985) (Bankruptcy court is not a "court of the United States" for the purpose of awarding attorneys' fees under 28 U.S.C. § 1927); *Bowen v. Commissioner*, 706 F.2d 1087 (11th Cir.1983) (Only a "court of the United States" defined in 28 U.S.C. § 451 as an Article III court, has jurisdiction to award attorneys' fees under the Equal Access to Justice Act; Tax Court could not authorize attorneys' fees); *Gower v. Farmers Home Administration (In re Davis)*, 899 F.2d 1136 (11th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990) (Bankruptcy court does not have jurisdiction to award attorneys' fees under the Equal Access to Justice Act). The *Brickell* court also relied in part on the inclusion of the Tax Court and Claims Court in the definition of "court of the United States" in 26 U.S.C. § 7430(c)(6). The court stated "[t]he fact that § 7430 expressly extended jurisdiction to the Tax Court and the Claims Court lends further

*Kiker*, 98 B.R. 103, 105–06 (Bankr.N.D.Ga.1988);

support to our holding that these non-Article III courts would not have otherwise been given jurisdiction under the rubric of a "court of the United States." *Brickell*, 922 F.2d at 701.

■ This court disagrees with the reasoning of the 11th Circuit in *Brickell*. In interpreting 26 U.S.C. § 7430 as not applying to bankruptcy courts, the *Brickell* court has taken an unduly restrictive view of the language of the statute. As a matter of statutory construction, courts have frequently determined that "includes" enlarges the scope of a statute rather than limits it. *American Surety Co. v. Marotta*, 287 U.S. 513, 517, 53 S.Ct. 260, 262, 77 L.Ed. 466 (1933). In *Federal Land Bank v. Bismarck Lumber Co.*, 314 U.S. 95, 100, 62 S.Ct. 1, 4, 86 L.Ed. 65 (1941), the Supreme Court remarked that the phrase "include" is not one of "all embracing definition but connotes simply an illustrative application of the general principle." *See* 11 U.S.C. § 102(3) ("includes" and "including" are not limiting). If Congress had wanted to limit the scope of 26 U.S.C. § 7430 to the courts listed, it clearly could have done so.

The specific mention of the Claims Court and Tax Court and not the Bankruptcy Court makes logical sense. Unlike the Claims Court and Tax Court which are independent judicial bodies, bankruptcy judges constitute a "unit of the district of court." 28 U.S.C. § 151. *See, Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 61, 102 S.Ct. 2858, 2866, 73 L.Ed.2d 598 (1982). Clearly, a district court is a "court of the United States." It follows that a unit or subsidiary of a "court of the United States" would also fall within this definition.

The jurisdiction of the bankruptcy courts granted by Congress supports a finding that they are "courts of the United States". Federal district courts have original jurisdiction over all bankruptcy cases and proceedings arising under the Bankruptcy Code. 28 U.S.C. § 1334. 28 U.S.C. § 157(a) gives district courts the power to refer all cases and proceedings under the

*In re Robidoux*, 116 B.R. 320 (D.C.Mass.1990).

Bankruptcy Code to the bankruptcy court. In the Northern District of Illinois, Local Rule 2.33 provides for an automatic referral of all bankruptcy cases and proceedings to bankruptcy judges. However, the district court retains the ability to withdraw the reference pursuant to 28 U.S.C. § 157(d). Therefore while referrals to the bankruptcy court are automatic, they are not irrevocable. Under this structure, bankruptcy courts do not operate independently of the district court. Rather, they are adjuncts of the district court. As such they are "courts of the United States" for purposes of 26 U.S.C. § 7430.

Further, the Debtor's request for attorneys' fees constitutes a core proceeding. 28 U.S.C. § 157(b)(1) gives bankruptcy judges the power to determine all core proceedings arising under Title 11 or arising in a case under Title 11 and to enter appropriate orders. Core proceedings are set forth in 28 U.S.C. § 157(b)(2). Core proceedings include the allowance and disallowance of a claim. 28 U.S.C. § 157(b)(2)(B). Clearly the underlying litigation, the Debtor's objection to the Government's claim, involves the allowance or disallowance of a claim and is a core proceeding.

The request for attorneys' fees arising out of a core bankruptcy proceeding is also a core proceeding. Attorneys' fees can not arise in a vacuum but must be a part of some underlying litigation.

Nevertheless, if it is determined that this court lacks jurisdiction to award fees pursuant to 26 U.S.C. § 7430, this opinion shall be deemed to constitute proposed findings of fact and conclusions of law. Such an approach would resolve all possible jurisdictional problems raised by the courts. "Consideration of an EAJA application by a bankruptcy court by [proposed findings of fact and conclusions of law] would not raise any problem ... because the Article III District Court and not the bankruptcy court would ultimately determine the merits of the application and award fees." *In re Davis*, 899 F.2d at 1140–1141; *In re*

*Brickell Invest. Corp.*, 922 F.2d at 701–702.

## V. *Merits of the Fee Application*

At long last we arrive at the merits of the fee application. The court determines that the Debtor is entitled to recover reasonable attorneys' fees and costs from the Government.

Section 7430 of the Internal Revenue Code allows a prevailing party in a civil action against the United States in connection with the determination of any tax due under Title 26, to recover reasonable litigation costs. There are three requirements a taxpayer must satisfy before recovering litigation costs under 26 U.S.C. § 7430.[9] First, the taxpayer must exhaust all administrative remedies available to her. Second, the taxpayer must be the prevailing party. To be a prevailing party, taxpayer must prove that she substantially prevailed with respect to the amount in controversy or on the most significant issue and that the United States position was not substantially justified. Finally, the taxpayer must show that the amount they have requested for attorneys' fees is reasonable. *See, Zinniel v. Commissioner*, 883 F.2d 1350, 1356 (7th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990).

The Government does not dispute that the Debtor exhausted her administrative remedies, that the Debtor was a prevailing party, or that the amount of fees requested is reasonable. Therefore, the only issue before the court is whether the Government was substantially justified in pursuing the Debtor.

The Debtor has the burden of proving that the position of the Government was not substantially justified. *Harrison v. C.I.R.*, 854 F.2d 263, 265 (7th Cir.1988). In making a determination as to whether the Government's position was substantially justified, the court may consider the Government's administrative position as well as the Government's in court litigating position. 26 U.S.C. § 7430(c)(7). *See, Zinniel v. Commissioner*, 883 F.2d at 1355, n.

---

**9.** Reasonable litigation costs include the reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding. 26 U.S.C. § 7430(c)(1)(B)(iii).

8. The fact that the Government lost in the underlying litigation does not mean that its position was unreasonable. *Huckaby v. U.S. Dept. of Treasury*, 804 F.2d 297, 299 (5th Cir.1986) (referring to earlier version of 26 U.S.C. § 7430).

The Debtor has met her burden of showing that the Government was not substantially justified either in making or pursuing the assessment against her. For liability to exist under section 6672 of the Internal Revenue Code, two factors must exist. The person the Government seeks to hold personally liable must 1) be a "responsible person" and 2) must willfully fail to pay over the withheld taxes to the Government. The Government presented no credible evidence that the Debtor possessed a sufficient degree of authority over corporate decision making as required to render her a "responsible person" liable for the employee withholding taxes. *See, Graunke v. United States*, 711 F.Supp. 388, 394 (N.D.Ill.1989). Nor did the Government produce evidence that showed the Debtor acted willfully in failing to collect the employee withholding taxes.

At the agency level, the Government was not substantially justified in making the assessment. In the Government's recommendation regarding the 100% penalty assessment against the Debtor, the Government stated that six documents were considered: bank statements, affidavits, tax returns, cancelled checks, corporate financial statements, and bank signature cards. It appears however that the Government made no effort to investigate the documents or to substantiate its recommendation. The bank statements provided no information on the Debtor's involvement or control over Federal Storage financial matters. The tax returns, affidavits, and corporate financial statements, were not even admitted into evidence because they contained no information to support the Government's case against the Debtor. At trial, only a bank signature card which authorized the Debtor and two others to sign checks, and two checks signed by the Debtor, were admitted into evidence.

The evidence presented is woefully insufficient to show that the Debtor had control over which creditors of Federal Storage were to be paid. The Debtor was the secretary and a part time employee of Federal Storage but there is no proof that she had a voice in corporate decision making. The two checks signed by the Debtor aggregated less than $200. The affidavits of former employees of Federal Storage indicate that the Debtor only signed checks when the other two signatories, Walter Swerdon and Dennis Chambers, were unavailable. (Affidavit of Brenda Minix, Debtors' Exhibit 3 to Petition for Attorneys' Fees and Costs). *See, Holcomb v. U.S.*, 543 F.2d 1185 (7th Cir.1976) (title and ability to sign checks did not support a finding that wife was a "responsible person" under 26 U.S.C. § 6672).

At trial, the Government failed to properly produce the Certificate of Assessment and Payments. For the purposes of this case there never was such a certificate. No proof was submitted that an assessment was ever made and if made, that it was served on the Debtor. The court, in its Memorandum Opinion of November 29, 1990, determined that notice and demand were prerequisites to the institution of a civil action to collect taxes from a responsible person under 26 U.S.C. § 6672. Therefore, without evidence of the assessment, the Government lacked any basis for proceeding against the Debtor.

Based on the lack of documentary evidence alone, the Government was not substantially justified in making the assessment. The Government was also not substantially justified in continuing to pursue the Debtor when the Department of Justice attorney assigned to her case determined that the Government's claim was unwarranted.

Based on the Government's actions, the Debtor incurred substantial costs and attorneys' fees. The Debtor is entitled to recover attorneys' fees and costs incurred in the underlying litigation as well as those incurred in preparing the fee petition. 26 U.S.C. § 7430(c)(1)(B)(iii). *See, Commissioner v. Jean*, — U.S. —, —, 110 S.Ct. 2316, 2318, 110 L.Ed.2d 134, 141 (1990).

Although the Government has not challenged the amount of fees or costs expend-

ed in this case, the court is constrained to limit the fees to those authorized by 26 U.S.C. § 7430. The rate of compensation permitted by 7430(c)(1) is $75 per hour unless "the court determines that an increase in the cost of living or special factor, such as the limited availability of qualified attorneys for such proceeding justifies a higher rate."

 The Debtor makes two arguments that the $75 cap should be raised. First, the Debtor argues that the $75 cap should be raised because of a cost of living increase. The consumer price index has increased 21.3% since the provision containing the $75 cap was enacted in October of 1986.[10] The Consumer Price Index has been used to determine and allow a cost of living increase under the Equal Access to Justice Act and 26 U.S.C. § 7430. *See, Natural Resources Defense Council v. U.S. Environmental Protection Agency,* 703 F.2d 700, 713 (3d Cir.1983); *Mattingly v. U.S.,* 711 F.Supp. 1535, 1542 (D.Nev. 1989). Applying this percentage increase, the statutory rate allowed under 26 U.S.C. § 7430 is increased to $90.98 per hour.

The Debtor also argues that special factors exist to justify a higher rate than $75. The Debtor claims that the special factors include the difficulty the Debtor would have had in obtaining other counsel and counsels' experience in tax and bankruptcy matters. In *Pierce v. Underwood,* the Supreme Court addressed the issue of special factors in the context of the Equal Access to Justice Act. The court defined special factors as:

> We think it refers it refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice speciality such as patent law, or knowledge of foreign law

or language. Where such qualifications are necessary and can be obtained only at rates in excess of the $75 cap, reimbursement above that limit is allowed. 487 U.S. 552, 572–573, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988).

The Court further articulated that special factors do not include limited availability, novelty and difficulty of issues, the undesirability of the case, the work and ability of counsel, the results obtained, and customary fees and awards in other cases. *Id.* at 573, 108 S.Ct. at 2554.

The Debtor has not proven that "special factors" exist. Thus the appropriate billing rate is the maximum of $90.98 per hour.[11] The Debtor is entitled to $1,501.38 in costs and $35,321.50 in attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Debtor's petition for attorneys' fees and costs is granted. The Debtor is entitled to recover $1,501.38 in costs and $35,321.50 in attorneys' fees from the Government.

**10.** This increase was calculated by comparing the Consumer Price Index (CPI) in October, 1986 to the CPI in November, 1990 (the most current CPI figure available according to the Debtor). The court used the CPI table attached as Exhibit 25 to Debtor's Petition For Attorneys' Fees and Costs.

**11.** The court allowed the attorneys' usual billing rate except that any attorneys' rates which exceeded $90.98 were reduced to $90.98 per hour.