**In re Samuel Derek GRAHAM, and Suzanne Genett Graham, Debtors.**

**Samuel Derek GRAHAM and Suzanne Genett Graham, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Bankruptcy No. 87–B–06625–J.**

**Adv. No. 87–M–0874.**

United States Bankruptcy Court, D. Colorado.

Oct. 30, 1989.

Ralph A. Cantafio, McGill Professional Law Corp., Steamboat Springs, Colo., for plaintiffs.

John D. Steffan, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the request for an award of attorney's fees filed by Plaintiffs/Taxpayers, after prevailing in an action against the Defendant, United States, on a question of tax liability. The Plaintiffs seek an award of attorney's fees pursuant to 26 U.S.C. § 7430 and 28 U.S.C. § 2412.

### FINDINGS OF FACT

1. Samuel and Suzanne Graham, Chapter 7 Debtors and the Plaintiffs herein ("Taxpayers" or "Plaintiffs"), commenced an adversary proceeding objecting to a tax assessment of the Internal Revenue Service ("IRS") and requesting a determination of their liability to the United States ("Defendant").

2. The IRS had claimed that the Plaintiffs owed approximately $46,843.43, in taxes, interest, and penalties, as "responsible persons" of a corporate taxpayer, Glow Electric, Inc., after Glow Electric failed to withhold and pay federal withholding taxes. The IRS asserted that Plaintiffs were personally liable, pursuant to 26 U.S.C. § 6672, for eight quarters of unpaid withholding taxes during the years 1985 and 1986. The Plaintiffs admitted liability as "responsible persons" for the last two quarters of 1986, when the Glow Electric business was winding down, but denied any liability for the six remaining quarters of 1985 and the first half of 1986.[1]

3. In their Amended Complaint the Plaintiffs alleged, *inter alia*, that the IRS refused to explain (a) "how the assessment of $46,843.43 ... was calculated," (b) the amount(s) of payments made by other "responsible persons," and (c) the "manner in which moneys ... have been allocated to reduce" the debt.[2]

4. This litigation reflected the relationship and communications between the Taxpayers and the IRS since 1986. It was extraordinarily contentious and unnecessarily protracted. The procedural acrobatics of the Defendant and Defendant's failure to cooperate and comply with discovery efforts resulted, for example, in an award of two sanctions against the IRS of $3,788.82 and $233.90 in attorney's fees. These sanctions were upheld on appeal.[3]

5. After a trial on the merits this Court issued its May 17, 1989 Findings of Fact and Conclusions of Law, ruling that the Taxpayers were *not* "responsible persons" under the Internal Revenue Code who were liable for the six quarters of assessed taxes from 1985 and 1986.

6. Because the Taxpayers had previously stipulated to and paid the two quarters of assessed taxes for the second half of 1986, the Court found and also ordered, based on the parties' accounting, that the Taxpayers were due a $1,567.32 refund. This judgment was also upheld on appeal.[4]

## OPINION AND JUDGMENT

Taxpayers seek an award of attorney's fees pursuant to 26 U.S.C. § 7430 which provides, in pertinent part, as follows:

> In any ... court proceeding which is brought by or against the United States in connection with the determination, collection or refund of any tax, interest, or penalty ... the prevailing party may be awarded a judgment for—(1) reasonable administrative costs ... and (2) reasonable litigation costs. 26 U.S.C. § 7430(a).[5]

---

1. Taxes assessed under 26 U.S.C. § 6672 are *not* dischargeable in bankruptcy. *In re Holl,* 35 B.R. 206 (Bankr.D.Hawaii 1983).

2. The United States replied, *inter alia,* that it was still trying to obtain "an accounting" from the IRS, and it was prohibited from disclosing the amount of payments made by other "responsible persons" on the Glow Electric, Inc. withholding tax obligation. (Defendant's Answer to Amended Complaint, ¶ 10.) The United States acknowledged that some trust fund payments were made by third parties. However, the United States asserted that this was not relevant because the IRS may, by law, collect the entire amount of the assessment from *each* responsible person. This Court disagrees. "[T]he IRS is entitled to assess 100% penalties against all parties liable under § 6672 but, pursuant to IRS Policy Statement P–5–60, the government is entitled to only one satisfaction ... and must abate all 100% penalty assessments when it has obtained a single satisfaction." *Gens v. U.S.,* 615 F.2d 1335, 222 Ct.Cl. 407 (1980).

3. The record is long and detailed as to the management of the IRS' case. In this regard, the Court adopts and incorporates herein the findings of fact and conclusions of law set forth in its Orders of January 23, 1989, February 21, 1989, May 24, 1989, and October 17, 1988, respectively. The United States District Court for the District of Colorado affirmed the sanctions imposed by this Court in its Order of October 4, 1989.

4. *Id.*

5. Taxpayers also seek attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, which provides in pertinent part: "[A] Court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any Court having jurisdiction over that action, unless the Court finds that the position of the

To be awarded the attorney's fees, the Taxpayers must establish that (1) they exhausted their administrative remedies, (2) they seek costs allocable only to the United States, (3) the litigation was not a "declaratory judgment proceeding," and (4) the prevailing party did not protract the proceeding. (26 U.S.C. § 7430(b)) This Court finds that the parties stipulated that the Taxpayers exhausted their remedies, that the Plaintiffs/Taxpayers did not protract this proceeding, which involved only the United States, and that the litigation was not a declaratory judgment proceeding but, rather, was an adversary proceeding for claims and liability determination pursuant to 11 U.S.C. § 505.

To be awarded attorney's fees the Plaintiffs must also prove and the Bankruptcy Court must find that the Taxpayers are the "prevailing party" as that term is specially defined in Section 7430(c)(4)(A).[6]

As amply reflected in this Court's May 17, 1989 Findings of Fact and Conclusions of Law, the Taxpayers "substantially prevailed with respect to the amount in controversy" in that the full amount of the *contested* assessed taxes for 1985–1986 were extinguished. Further, the Taxpayers "substantially prevailed with respect to the significant issue ... presented" in the case, i.e., were the Taxpayers "responsible persons" who were personally liable for withholding, accounting for, and paying the Glow Electric taxes and, if so, did they knowingly, consciously or intentionally fail to do so? The issue was decided fully in favor of the Taxpayers.

The Court concludes and finds that the Taxpayers in this case qualify as a "prevailing party" pursuant to 26 U.S.C. § 7430(c)(4)(A)(ii) and (iii) and are, thus, entitled to an award of reasonable attorney's fees.[7]

The conclusion that these Taxpayers are entitled to their attorney's fees is fully and independently justified under 26 U.S.C. § 7430(a). That decision is, however, reinforced by the troublesome, curious and still unexplained, perhaps unconscionable, conduct of the IRS in this case.

First and most astonishing is the IRS' destruction of their "administrative file" in this case *after* the Taxpayers filed for bankruptcy and *after* they commenced this action in Bankruptcy Court to contest the tax assessment and determine their tax liability. The administrative file, the "working" file of the IRS on Glow Electric and/or these Taxpayers, was unilaterally put "into storage" in May of 1987 and then summarily destroyed by the IRS, evidently in accord with its customary and standard IRS procedures. Only after lengthy and costly discovery procedures, and after trial had commenced, did the IRS fully explain to the Plaintiffs and the Court that the administrative file wasn't available, it had been destroyed and it was impossible to

---

United States was substantially justified...." Pursuant to Section 2412(e), it would appear that an award of fees under this section is superseded and governed by the provisions of 26 U.S.C. § 7430 and thus not applicable.

In any event, this Court concludes that the United States was substantially justified, at least initially, to assess the tax and defend their claim in this case, so an award of attorney's fees under Section 2412 is inappropriate.

**6.** "(4) Prevailing party. (A) In general. The term 'prevailing party' means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)—(i) which establishes that the position of the United States in the proceeding was not substantially justified, (ii) which—(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most signifi-

cant issue or set of issues presented, and (iii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986, except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect). (B) Determination as to prevailing party. Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made by agreement of the parties or ... (ii) in the case where such final determination is made by a court, the court." 26 U.S.C. § 7430(c)(4)(A) and (B).

**7.** As stated at footnote 5, *supra,* the United States appears to have been substantially justified in commencing the case, if not proceeding to trial, and thus an award of attorney's fees pursuant to 26 U.S.C. § 7430(c)(4)(A)(i) would be inappropriate.

retrieve and/or reliably reconstruct.[8]

As the Court stated in its May 17, 1989 decision:

> The Court is incredulous that the IRS would take it upon itself to destroy a file after an individual assessed as an 26 U.S.C. § 6672 individual person alleged to be liable for a corporate tax goes into bankruptcy and after the Debtors file an Adversary Proceeding. When a corporation goes out of business and there exists a substantial tax deficiency for failure to pay Federal withholding taxes, the IRS can predict with reasonable certainty that there is going to be an issue of personal liability for those corporate taxes. There is a likelihood that a claim by the taxpayer [sic] [IRS] is going to be made. There is some reasonable expectation that there will be litigation.
>
> Findings of Fact and Conclusions of Law filed May 17, 1989, p. 4.

A second unsavory episode in this case reinforcing the equity of awarding to the Taxpayers their attorney's fees was the threatening and "brazen and unjustified bullying" of the Taxpayers by the responsible IRS agent.[9] While IRS agents generally have a difficult, rather unpleasant, and often thankless task, still the conduct exhibited in this case by the IRS was quite improper.

The Court has reviewed in detail and with care the attorney's fees and costs requested by the Plaintiffs.[10] The Court concludes that the fees requested represent actual, necessary services rendered by counsel, and are reasonable and appropriate under the circumstances.[11]

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Amended Verified Motion for Attorneys' Fees Pursuant to 26 U.S.C. § 7430(a) and (c)(4)(A)(ii) and (iii) is GRANTED.

IT IS FURTHER ORDERED that the Defendant pay to the Taxpayers the sum of $13,441.03 [12] as and for attorney's fees plus $2,437.57 as costs, within thirty (30) days after this Order becomes final and non-appealable.

---

8. The Court is not at all persuaded by IRS' counsel's argument that the IRS' administrative file was insignificant and that the important documents were copied and transferred to the IRS litigation file by the IRS agent. As stated by the Court, "[t]he IRS Agent that is in charge of the case is the individual that decides what portions of the Administrative File will be retained by the Service and placed in the files of the individual Debtor and what documents will be placed in storage and ultimately destroyed. The IRS Agent is a person who is an agent of an adversary in expected litigation. The Court finds that allowing only [the] Revenue Agent ... to review this [administrative] file and determine what is and is not pertinent violates basic statutory and constitutional principles of due process and fair play." (Court Opinion and Judgment issued May 17, 1989, pp. 4–5.)

9. *See,* this Court's May 17, 1989 Findings of Fact and Conclusions of Law, p. 5. In part it recites: "An unannounced visit on that date was made to Glow by [the IRS Agent]. During the course of this meeting Samuel and Suzanne Graham were each presented with a *blank IRS Form 2751.* This document makes an individual personally liable for Federal withholding taxes of an underlying corporation and waives that individu-

al's right to further hearings. [The IRS Agent] demanded that Samuel and Suxanne Graham sign the form *in blank* or he would move to immediately shut down the business." (Emphasis added)

10. The Court grants attorney's fees incurred through trial, as requested in the Plaintiffs' Amended Verified Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 2412 and 26 U.S.C. § 7430, but not attorney's fees through the appeal, as requested in Plaintiffs' Supplement to Plaintiffs' Amended Verified Motion. An award of attorney's fees and costs on the appeal, if any, are more appropriately decided by the appellate court, here the United States District Court.

11. Fees are generally limited to $75.00 per hour by Section 7430(c)(1)(B). Given the difficulty of this case, its protracted and contentious nature, and the quality of representation by counsel, the $75.00 hourly rate is more than reasonable.

12. Amount requested by the Taxpayers pursuant to the Amended Verified Motion ($17,463.75) less previously awarded attorney's fees as sanctions ($3,788.82 and $233.90).