**In re Joseph KESSLER, Debtor.**

**Bankruptcy No. 89–10585.**

United States Bankruptcy Court,
D. Rhode Island.

June 26, 1990.

---

Joseph T. Turo, Kelly Fracasa, Nardone, Turo & Naccarato, Westerly, R.I., for debtor.

David C. Fallon, McKenna, Greenwood & Feinstein, Providence, R.I., for Keven A. McKenna.

---

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court are creditor Keven McKenna's Motions to Dismiss, and Motion for Summary Judgment, which were filed in response to the debtor's Objection to McKenna's Proof of Claim, filed on July 13, 1989. The obvious procedural anomaly presented on the face of the pleadings is resolved as follows—Bankruptcy Rule 3007 entitled "Objections to Claims" provides in relevant part that "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Bankruptcy Rule 7001 states that an adversary proceeding is, inter alia, "a proceeding (1) to recover money or property,...." Accordingly, we shall treat McKenna's claim as an adversary proceeding, and the above motions as having been filed pursuant to Bankruptcy Rule 7012 (applying FED.R. CIV.P. 12(b)(6)) and Bankruptcy Rule 7056 (applying FED.R.CIV.P. 56).

In ruling on a motion to dismiss, the Court is required to take the well-pleaded facts in the complaint as true in determining whether the plaintiff has stated a claim upon which relief can be granted. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In this matter, the

pleading filed by the debtor is entitled "Motion of Debtor Objecting to Claim filed by Keven A. McKenna". In that pleading the debtor alleges, inter alia, that "[t]he debtor denies he owes any moneys to claimant." (Motion of debtor objecting to claim, dated November 13, 1989). By asserting and relying on information contained in the bankruptcy schedules and docket in this case, as well as the filing of numerous responsive pleadings, memoranda, and a joint pretrial order, McKenna's Motion to Dismiss has more of the ear marks of a motion for summary judgment, and it shall be treated as such herein.[1]

Bankruptcy Rule 7056 (applying FED.R. CIV.P. 56) provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". On June 11, 1990, we held a chambers conference in an attempt to identify and narrow the issues. At said conference McKenna's attorney presented a "Summary of Keven A. McKenna's Position to Debtor's Objection to his Claim." The debtor was given an opportunity to file a response, which he did, entitled "Summary of Joseph Kessler's Objection to Claim of Keven A. McKenna."

Upon review and consideration of all of the pleadings filed, and particularly the summaries provided, it is abundantly clear that material issues of fact remain in dispute, making summary judgment inappropriate. The thrust of the allegations in the debtor's objection to McKenna's claim is that the state court default judgment was obtained by fraud. "Because he misrepresented the ownership of the property to the Superior Court, Mr. McKenna obtained the judgment by fraud, and this is the basis of Mr. Kessler's objection to Mr. McKenna's claim." (Summary of Joseph Kessler's Ob-

---

1. FED.R.CIV.P. 12(b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

jection to Claim of McKenna.) McKenna denies this allegation, and argues that "[e]xcept where the elements of fraud are proven, a bankruptcy court is required to give res judicata effect to the state court judgment." (Summary of McKenna's Position to Debtor's Objection to his Claim.) Because of the parties' sharp disagreement as to the material facts alleged, and which are the basis for the debtor's claim for fraud, we are unable to grant summary judgment.

Accordingly, for the above reasons, McKenna's Motion for Dismissal is DENIED, as is his Motion for Summary Judgment.