**In re Dennis L. CHAMBERS and Vicki L. Chambers, Debtors.**

No. 91 C 5188.

Bankruptcy No. 85 B 16205.

United States District Court, N.D. Illinois, E.D.

March 13, 1992.

---

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

After prevailing in an action against the government on a question of her vicarious tax liability, Vicki Chambers moved for and was awarded attorneys fees' and costs against the Internal Revenue Service and the Department of Justice ("the Government") pursuant to 26 U.S.C. § 7430. This matter is before the court on the United States' motion for a determination of case status, and appeal of the bankruptcy court's award of fees and costs in the above captioned matter. For the foregoing reasons, the judgment of the bankruptcy court is affirmed.

### Background

This discussion begins with a brief review of the factual background and procedural history of this case.[1] The government contends that in 1980 it determined that the debtor, Vicki Chambers, was liable under 26 U.S.C. § 6672[2] for the unpaid employee withholding taxes of Federal Storage and Moving Company ("Federal Storage"), an Illinois corporation, for certain periods during 1978 and 1979. Ms. Chambers was the secretary and part time

---

1. When restating the facts of this case, the court will rely on the factual findings of the bankruptcy court. The following factual findings are stated in pages one through five of the bankruptcy court's order. The court notes that it will not set aside the factual findings of the bankruptcy court unless they are clearly erroneous. *Matter of Hilligoss*, 849 F.2d 280, 281 (7th Cir.1988).

2. Section 6672 of the Internal Revenue Code provides that "any person required to collect, truthfully account for, and pay over any tax ... who willfully fails to collect such tax, or truthfully account for any pay over any such tax ..." shall be personally liable to the United States for the full amount of the taxes not collected or paid over to the United States. "Person", for purposes of 26 U.S.C. § 6672 includes an officer or employee of a corporation who is under a duty to collect and remit the taxes to the United States. 26 U.S.C. § 6671(b).

employee of Federal Storage during the periods in question.

According to the government, on October 6, 1980, an assessment was made against Ms. Chambers for Federal's unpaid employee withholding taxes. Ms. Chambers claims that she was unaware of the government's claim until 1982, and that she contacted the government when she became aware of the claim. In response, in April and June of 1982 the government filed notices of federal tax liens in three states where Ms. Chambers held property. Over the next several years, Ms. Chambers contacted the government on many occasions in an attempt to resolve the matter.

By 1985, the matter still had not been resolved. On January 17, 1985, on the advice of an IRS employee, Ms. Chambers submitted a claim for a fifty dollar refund which she had paid toward the assessment. In her request for the refund, Ms. Chambers included signed statements of two former Federal Storage employees, Brenda Minix and Donna Conrad, which explained her limited duties at Federal Storage. (Ex. 3, Chambers' Petition for Fees and Costs). On September 12, 1985, while her refund was pending, the government attempted to levy on Ms. Chambers' wages. The IRS disallowed the claim for refund on November 12, 1985. The government claims that it sent a copy of this decision by certified mail, but it has no record of who signed the decision. Ms. Chambers did not acknowledge receiving notice of the disallowance. Ms. Chambers claims that she did not become aware of the government's decision on the refund until July 1989, when she informed the U.S. Trustee that she had never been notified of the government's decision on her claim for a refund.

On November 26, 1985, Ms. Chambers and her husband, Dennis Chambers, filed for bankruptcy. On April 17, 1986, the government filed its proof of claim against both the Vicki Chambers and Dennis Chambers, who had been president of Federal Storage during the late 1970's. The government claimed that both Mr. and Mrs. Chambers were personally liable under 26 U.S.C. § 6672 for the withholding taxes of

Federal Storage employees for the second, third, and fourth quarters of 1978 and for the first and second quarters of 1979. The government listed an assessment of $3,861.41 plus $2,180.38 interest (and a $10 lien fee).

On June 5, 1986 and on October 3, 1986, the government amended its proof of claim to increase the penalty against Vicki and Dennis Chambers to $33,407.31 plus $30,-449.96 in interest through the date of the filing of the bankruptcy petition. The bankruptcy court stated "[b]ecause the government missed the boat and failed to assess Dennis Chambers in a timely manner, the government could not collect unpaid taxes from him. The government, however, did what it considered the next best thing; it continued to pursue the debtor [Vicki Chambers]." *Memorandum Opinion,* 131 B.R. 818, 820.

In August 1988, counsel for Ms. Chambers wrote to Gerard Brost, an attorney with the Tax Division of the Department of Justice, who was assigned in some capacity, to Ms. Chambers' case. In her correspondence, Ms. Chambers' attorney submitted the affidavits of former Federal Storage employees which stated that Ms. Chambers was not responsible for collecting and paying withholding taxes of Federal Storage employees. Mr. Brost made his own contacts with several former employees of Federal Storage, and wrote Ms. Chamber's lawyer, in early 1989, that it was his opinion that Vicki Chambers was not a "responsible person" liable for Federal Storage employee withholding taxes. (Ex. 13, Petition for Attorney's Fees and Costs). Nonetheless, the government continued to pursue Ms. Chambers.

In November 1989, Ms. Chambers filed her motion to deny the government's claim in the bankruptcy proceedings. The bankruptcy court conducted a trial on the debtor's objections to the government's claim on August 13, 1990. Because the government failed to produce some of the exhibits listed in the pre-trial order until immediately prior to trial, the bankruptcy court did not allow these exhibits to be admitted into evidence. At trial, the bankruptcy court

found "that the debtor was not responsible for collecting and remitting the Federal Storage employee withholding taxes, and thus could not be held personally liable for the taxes." (Memorandum Opinion, 131 B.R. at 821).

On November 29, 1990, the court entered an order which stated that the government's failure to provide notice and demand to the debtor of the tax assessment pursuant to 26 U.S.C. § 6303 precluded the government from collecting the unpaid taxes in bankruptcy. On January 9, 1991 Ms. Chambers filed her motion for attorney's fees and costs pursuant to 28 U.S.C. § 7430. The court granted the debtor's motion on July 2, 1991, and awarded fees and costs of over $30,000.

This case is presently before the court on the government's motion for a determination of case status, and appeal of the bankruptcy court's award of fees and costs under § 7430. The decision of the bankruptcy court is affirmed in part, and reversed in part, for the following reasons.

*Determination of Case Status*

■ Before considering the merits of this case, the court must make a ruling with respect to the status of this case. The government contends that the bankruptcy court did not have jurisdiction to award attorney's fees under 26 U.S.C. § 7430 for the following reasons. First, the government contends that the bankruptcy court is not a "court of the United States" for the purpose of awarding fees under 26 U.S.C. § 7430. The court rejects both these arguments. Second, the government claims that the request for fees is a non-core matter over which the bankruptcy court lacked jurisdiction to enter a final order.

Section 7430 provides that:

(a) In general. In any administrative or court proceeding which is brought by or against the U.S. in connection with the determination, collection or refund of any tax, interest or penalty under this title, the prevailing party may be awarded a judgment or settlement . . .

The court agrees with the bankruptcy court's conclusion that it had the power to award fees under 26 U.S.C. § 7430. Although several bankruptcy courts and district courts have addressed the merits of a fee award under § 7430 of the Internal Revenue Code,[3] only recently has the issue of whether a bankruptcy court has jurisdiction to make such an award been raised. In *In re Brickell Invest. Corp.*, 922 F.2d 696 (11th Cir.1991), the Eleventh Circuit held that in order for a bankruptcy court to have jurisdiction to award fees under 26 U.S.C. § 7430, it must be considered a "court of the United States". Noting that the courts have determined that other fee awarding statutes define courts of the United States as Article III courts, the *Brickell* court concluded that the bankruptcy court is not a court of the United States under the statute.

This court disagrees with the Eleventh Circuit's holding in *Brickell* for the reasons stated in the bankruptcy court's opinion. (*See Memorandum Opinion*, 131 B.R. at 824–825). As the bankruptcy court explained, in interpreting 26 U.S.C. § 7430 as not applying to the bankruptcy courts, the *Brickell* court took an unduly restrictive view of the language of the statute. "As a matter of statutory construction, courts have frequently determined that 'includes' enlarges the scope of a statute rather than limits it. *American Surety Co. v. Marotta*, 287 U.S. 513, 517, 53 S.Ct. 260, 261, 77 L.Ed. 466 (1933); *See also Federal Land Bank v. Bismark Lumber Co.*, 314 U.S. 95, 100, 62 S.Ct. 1, 4, 86 L.Ed. 65 (1941) (noting that the phrase "includes" are not limiting). The court agrees that if Congress had wanted to limit the scope of 26 U.S.C. § 7430 to the courts listed, it could have easily done so.

Further, bankruptcy courts qualify as courts of the United States under § 7430. Unlike Tax Court and Claims Court, which are independent judicial bodies, and as such had to be specifically included in § 7430, bankruptcy courts are units of the United

---

**3.** *See e.g., In re Olson*, 100 B.R. 458 (Bankr. N.D.Iowa 1989), *aff'd* 121 B.R. 346 (N.D.Iowa 1990); *In re Graham*, 106 B.R. 692 (Bankr.Colo. 1989); *In re Kiker*, 98 B.R. 103, 105–06 (Bankr. N.D.Ga.1988); *In re Robidoux*, 116 B.R. 320 (D.C.Mass.1990).

States District Court. Bankruptcy courts do not operate independently of the United States District Courts; they are adjuncts of the district court. For all of these reasons, the court finds that bankruptcy courts are courts of the United States for purposes of 26 U.S.C. § 7430.[4]

■ The court also finds that Ms. Chambers' request for attorneys' fees constitutes a core proceeding. Core proceedings include the allowance and disallowance of a claim. 28 U.S.C. § 157(b)(2)(B). In the instant case, the underlying litigation, which was the debtor's objection to the Government's claim, involves the disallowance of a claim, and is a core proceeding. Therefore, the court agrees with the bankruptcy court's finding that the request for fees arising out of a core bankruptcy proceeding is also a core proceeding.[5] Accordingly, this court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).

■ Since this proceeding is a Bankruptcy Appeal, pursuant to Bankruptcy Rule 8013, the findings of the bankruptcy judge are accorded the same weight given to the findings of a district court judge under Fed.R.Civ.P. 52. Findings of fact are reviewed for clear error. Issues of law or mixed issues of law and fact, are subject to a *de novo* review. *See In re Mader*, 108 B.R. 643, 644 (N.D.Ill.1989); *In re Longardner & Associates, Inc.*, 855 F.2d 455, 459 (7th Cir.1988).

### Bankruptcy Rule 7001 Does Not Apply

■ The government argued before the bankruptcy court that Vicki Chambers' petition for fees and costs was an action to recover money, and pursuant to Bankruptcy Rule 7001, the petition should have been brought as an adversary proceeding. Citing a number of cases which are not on point,[6] the government now argues that the bankruptcy court erroneously ruled that Chambers' petition for attorneys' fees and costs was not an action to recover money under Bankruptcy Rule 7001. The government's argument is rejected by this court.

The government still fails to cite any cases which show that an application for fees and costs is an action to recover money under Rule 7001. As the bankruptcy court noted,

> "[w]hile Bankruptcy Rule 7001(1) has been held applicable to a variety of situations including replevin actions to recover money or property, motions to avoid

---

4. Finally, the court also notes that at least one circuit court has implicitly rejected the *Brickell* court's reasoning, in that it remanded a case to the bankruptcy court for evaluation of fee requests under § 7430 and the Equal Access to Justice Act. *See In re Olson*, 930 F.2d 6 (8th Cir.1991) (*and In re Esmond*, 752 F.2d 1106 (5th Cir.1985) (reversing bankruptcy court's denial of an EAJA application, and remanding back to bankruptcy court). In addition, the Tenth Circuit court of appeals has been critical of *Brickell*, with respect to the court's evaluation of the bankruptcy court's ability to award fees under the EAJA. *See O'Connor v. U.S. Dep't of Energy*, 942 F.2d 771 (10th Cir.1991).

5. As Ms. Chambers notes, § 157 specifically states that its list of core proceedings is not exhaustive. In analyzing the status of claims not listed in § 157(b)(2), courts have considered factors such as whether the rights involved exist independent of Title 11, depend on state law for their resolution, existed prior to the filing of the bankruptcy petition, or were significantly affected by the filing of the case. *See In re Cinematronics*, 916 F.2d 1444, 1450 n. 5 (9th Cir.1990).

In the instant case, the fee petition does not depend on state law for its resolution, and it could not have existed prior to the filing of the bankruptcy case. Chambers' fee petition arose in the context of a bankruptcy proceeding. Therefore, the court agrees that the petition for fees is a core proceeding under § 157.

6. *See e.g., In re Harry C. Partridge, Jr. & Sons*, 43 B.R. 669, 672 (Bankr.S.D.N.Y.1984), in which the court found that § 7001 applied to an "action for breach of contract constitutes an adversary proceeding which must be commenced by summons and complaint such action is designed to recover money or property within the meaning of Bankruptcy Rule 7001(9). *Id.* Similarly, *In re Mitchell*, 44 B.R. 485 (Bankr.N.D.Ala.1984), § 7001 applied because the lessor-creditor sought to recover property in the hands of the debtor, obtain an order for an accounting, or in the alternative to obtain an order bringing "all leases current and that assignment of milk proceeds be reinstated." Finally, *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir.1990), which concerned a turnover action, also held that the rules applicable to adversary proceedings must be strictly complied with in cases covered by Part VII of the bankruptcy rules. None of these cases, or their holdings, are applicable given the facts of this case.

post-petition transfers, and actions from the turn over of collateral, it has not generally been utilized in requests for attorneys' fees."

*Memorandum Opinion*, 131 B.R. at 821. *See also, In re Elegant Concepts, Ltd.*, 67 B.R. 914 (Bankr.E.D.N.Y.1986).[7] The court agrees with the bankruptcy court's finding that the Rule 7001 does not govern requests for attorneys fees.

The Award of Costs

 The government contends that the bankruptcy court's award of costs is barred by the judgment order of November 29, 1990, which specifically stated that each party was to bear its own costs, under the doctrine of *res judicata*. The court rejects this argument. As was noted by the bankruptcy court, a party moving for fees and costs under § 7430 must file an application within 30 days of a final judgment on the action.[8]

A request for fees under 26 U.S.C. § 7430 can not be commenced until a party has prevailed on the tax issue. Thus, in order to request fees, there must have been a final adjudication on the tax issue. Because the issue of fees and costs was not and could not be litigated until a file judgment on the underlying tax matter, *res judicata* does not apply to bar the court from awarding fees and costs in this case.

*Memorandum Opinion*, 131 B.R. at 822–823.

As the above reasoning indicates, the issue of fees and costs did not become relevant until the debtor prevailed on the tax matter. In the instant case, there was no formal request for costs under § 7430 during the trial. The issue was not and could not actually be litigated until one of the parties prevailed on the tax matter. Therefore, the bankruptcy court's finding that each party was to bear its own costs was premature, and the doctrine of res judicata does not apply. *See In re Harrigan*, 74 B.R. 224 (N.D.Ill.1987).

 The bankruptcy court has stated that its order providing that each party was to bear its own costs was intended as a statement of the general rule, which applies in all cases unless an exception to the rule exists. When the costs issue was properly before the court, pursuant to § 7430, the bankruptcy court ruled, and clearly vacated its earlier finding, which was within the court's discretion. In addition, the court also agrees that there was no need for the debtor to bring a 59(e) motion to alter or amend the judgment prior to the request for fees. *Bond v. Stanton*, 630 F.2d 1231 (7th Cir.1980). (Post judgment requests for fees and costs are not governed by Fed.R.Civ.P. 59(e) or

7. In that case the debtor filed a motion under § 362(h) of the Code seeking a determination the creditor had deliberately violated an automatic stay. The debtor requested costs, fees, and punitive damages. Given the fact that the debtor sought punitive damages, the court questioned whether, since the debtor sought money, the debtor should have initiated an adversary proceeding as required by Bankruptcy Rule 7001. The court did not otherwise consider Rule 7001 applicable to the debtor's motion.

The court notes that it is less persuaded by the bankruptcy court's argument that even if the Debtor's petition for fees fits within the scope of Bankruptcy Rule 7001, a separate adversary proceeding was not required. The bankruptcy court held that the debtor's request for fees was brought in connection with her objection to the government's claim, and that under these circumstances, bankruptcy rule 3007 does not require that a separate adversary proceeding be brought. Bankruptcy rule 3007 states that if an objection to a claim joined with a request for relief of the kind specified in rule 7001, it be-

comes an adversary proceeding. *See In re Kessler*, 116 B.R. 24, 25 (Bankr.R.I.1990). However this argument does not apply here because, in the instant case, the debtor's request for fees came some time after judgement was entered in this case.

8. Section 7430(c)(4)(A)(III) requires a party moving for fees and costs to meet the requirements of 28 U.S.C. § 2412(d)(1)(B), which provides:

A party seeking an award of fees and other expenses shall, within thirty days of final judgement in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed.

its ten day time limit). *See also, White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 452, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982).

### The Award of Fees Under § 7430

■ The court must finally address the government's argument that the bankruptcy court committed reversible error by awarding fees under § 7430 on the grounds that the government's position, with respect to Ms. Chambers', was not substantially justified. Awards or denial of awards of attorney's fees under Section 7430 are reviewed under an abuse of discretion standard. *Zinniel v. Commissioner,* 883 F.2d 1350, 1354 (7th Cir.1989). *See also, Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The court notes that under the abuse of discretion standard of review, "the relevant inquiry is not how the reviewing judges would have ruled if they had been considering the case in the first place ..." *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563 (7th Cir.1984). Rather, the abuse of discretion standard is met only when the trial judge's "decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision, or where the supposed facts found are clearly erroneous." *Id.* at 563–64.

Turning to the fee award itself, under § 7430 of the Internal Revenue Code, a prevailing party in a civil action against the United States in connection with the determination of any tax due under Title 26, may be able to recover reasonable litigation costs, which includes reasonable attorney's fees. As the bankruptcy court explained:

> There are three requirements that a taxpayer must satisfy before recovering litigation costs under 26 U.S.C. § 7430.

First, the taxpayer must exhaust all administrative remedies available to her. Second, the taxpayer must be the prevailing party. To be a prevailing party, the taxpayer must prove that she substantially prevailed with respect to the amount in controversy or on the most significant issue and the United States' position was not substantially justified. Finally, the taxpayer must show that the amount they have requested for attorney's fees is reasonable. (citation omitted).

■ In the instant case, the government did not dispute that Ms. Chambers exhausted all of her administrative remedies, that she was the prevailing party, or that the amount of fees requested was reasonable.[9] Therefore, the bankruptcy court properly concluded that the only issue before the court was whether the government was substantially justified in pursuing the debtor. The court noted that Ms. Chambers had the burden of proving that the government's position was not substantially justified, *Harrison v. C.I.R.,* 854 F.2d 263, 265 (7th Cir.1988), and that the fact that the government lost in the underlying litigation did not mean that its position was unreasonable. *Huckaby v. U.S. Dept. of Treasury,* 804 F.2d 297, 299 (5th Cir.1986).

In the instant case, the bankruptcy court set out the proper standards for liability, and made the following observations:

> For liability to exist under Section 6672 of the Internal Revenue Code, two factors must exist. The person the Government seeks to hold personally responsible must (1) be a "responsible person" and (2) must willfully fail to pay over the withheld taxes to the Government. The Government presented no credible evidence that the debtor pos-

**9.** On appeal, the government has tried to raise the issue of the reasonableness of the fees requested. The court will not consider this new argument, since it is well settled that matters which were not raised before the bankruptcy court are waived on appeal. *Johnson v. Fairco Corp.,* 61 B.R. 317, 320 (N.D.Ill.1986); and *Dallas v. S.A.G. Inc.,* 836 F.2d 1307 (11th Cir.1988). At any rate, the court finds that this argument, which focuses on the amount of the retainer paid to debtor's attorney, is without merit. As Ms. Chambers points out, the amount of a retainer may have no relation to the amount of fees incurred in representing a case. The bankruptcy court in this case fully evaluated the requested fees and found that they were reasonable, and the court accepts this finding, except to the extent that it is modified herein. The court also finds that the hourly rate which bankruptcy court imposed was reasonable.

sessed a sufficient degree of authority over corporate decision making as required to render her a "responsible person" liable for the employee withholding taxes. *See, Graunke v. United States*, 711 F.Supp. 388, 394 (N.D.Ill.1989). Nor did the government produce evidence that showed the Debtor acted willfully in failing to collect the employee withholding taxes.

The bankruptcy court finally determined that:

> The evidence presented is woefully insufficient to show that the debtor had control over which creditors of Federal Storage were to be paid. The Debtor was a secretary and a part time employee of Federal Storage but there was no proof that she had a voice in corporate decision making. The two checks signed by the Debtor aggregated to less than $200. The affidavits of former employees of Federal Storage indicate that the debtor only signed checks when other signatories, Walter Swerdon and Dennis Chambers, were unavailable. (Aff. of Brenda Minix, Debtor's Ex. 3 to Petition for Attorney's Fees and Costs). *See Holcomb v. U.S.*, 543 F.2d 1185 (7th Cir.1976) (title and ability to sign checks did not support a finding that wife was a "responsible person" under 26 U.S.C. § 6672).

The bankruptcy court assessed fees and costs under § 7430 after finding that the government failed to prove that Ms. Chambers was a responsible person for purposes of paying federal withholding taxes. The court stated that "[t]he evidence presented is woefully insufficient to show that the Debtor had control over which creditors of Federal Storage were to be paid. The Debtor was secretary and part-time employee of Federal Storage but there is no proof that she had a voice in corporate decision making." (Memorandum Opinion, 131 B.R. at 826).

■ The Bankruptcy court also found that the government's position, that Ms. Chambers was a responsible person under § 6672, was not substantially justified due to the government's lack of necessary documents until immediately prior to trial, reliance on interested witnesses, reliance on non-existent documents as a basis for assessing taxes against Ms. Chambers, and continued pursuit of Ms. Chambers even after a department of Justice Attorney, who looked into the case in some official capacity, determined that the government's case was unwarranted. (Memorandum Opinion, 131 B.R. at 826). After a review of the record, and the parties arguments, the court finds that in reaching this decision, the bankruptcy court did not abuse his discretion.

■ In light of the evidence in this case, the bankruptcy court did not abuse its discretion in finding that the government's position was not substantially justified. First, as the bankruptcy court recognized, a number of courts have held that mere title and authority to sign checks is an insufficient basis for imposing liability. *See Holcomb v. U.S.*, 543 F.2d 1185, 1189 (7th Cir.1976) (corporate title and ability to sign checks did not support a finding that a wife who worked for the company part time was a "responsible person under § 6672"). *Wright v. United States*, 809 F.2d 425, 428 (7th Cir.1987); *Graunke v. United States*, 711 F.Supp. 388, 394 (N.D.Ill.1989). In the instant case, only two checks signed by the Ms. Chambers were admitted into evidence, and the affidavits of former employees indicated that Ms. Chambers only signed checks when the other signatories, Walter Swerdon and Dennis Chambers were not available.

■ In addition, prior to the day of trial the IRS and the DOJ possessed only two checks with Ms. Chamber's signature, totalling $197.75, payable to Commonwealth Edison and an office supply store. The bankruptcy court correctly found that these insignificant payments were not evidence of control. *See Golden v. IRS*, 86–2 U.S.Tax.Cas. (CCH) P9626 (W.D.Mo.1986). In *Golden*, the court awarded fees where the government failed to reasonably investigate the truth of the [taxpayer's statements] which exonerated him from liability" and "checks [that the taxpayer] did not write to pay for supplies, utilities and employees did not create a reasonable basis

for the government's assessment of liability against [the taxpayer] under § 6672."

The bankruptcy court also found that the government's case against Ms. Chambers was not substantially justified based on the documentary evidence alone. This finding was not in error. The government's bank statements provided no information concerning whether Ms. Chambers controlled the financial affairs of the corporation. The affidavits, tax returns, and corporate financial statements of Federal were not submitted at trial both because the government did not possess them, and because they did not contain information which supported the government's case against Ms. Chambers. The government did not produce evidence for counsel, or submit evidence at trial any affidavits from third parties regarding Ms. Chambers. The tax returns produced by the government show that Ms. Chambers did not sign the returns (Record, item 9, Ex. 22).

Aside from the checks and the documentary evidence, as the bankruptcy judge noted, equally significant in terms of lack of evidence was the DOJ attorney's finding that the government did not have a case against Ms. Chambers, because she was not a "responsible person" under § 6672. Eighteen months before trial, in early 1989, after interviewing former Federal Employees (whose statements had been submitted to the IRS some four years earlier), DOJ attorney Gerard Brost determined that Ms. Chambers was not a responsible person for Federal's withholding taxes. (Record, Item 9, Ex. 11). Despite this finding by its own attorney, the IRS still refused to withdraw its claim against Ms. Chambers.[10] For the reasons stated in the bankruptcy court's order, the court agrees that the government was not substantially justified in pursuing Ms. Chambers as a responsible per-

son under § 6672. *Golden v. IRS*, 82 U.S.Tax.Cas. (CCH) P9626 (W.D.Mo.1986).

■ The government has many objections to the bankruptcy court's award of fees and costs in this case. The government's position is that the bankruptcy court's findings are flawed both with respect to its analysis of whether the government's position was substantially justified, and its conclusion that the government was not substantially justified. As a preliminary matter, the court finds that it is necessary to determine what actions of the government can be reviewed in evaluating whether its pursuit of Vicki Chambers was substantially justified. The bankruptcy court found that in determining whether the government was substantially justified, it could consider the government's administrative position as well as the government's in court litigating position. 26 U.S.C. § 7430(c)(7); *See, Zinniel v. Commissioner*, 883 F.2d at 1355, n. 8. The court agrees with this finding.

This matter was commenced on November 13, 1989, the day that Vicki Chambers filed her Motion to Have Claim of Internal Revenue Service Denied with Prejudice. The current version of § 7430, which applies to cases commenced after November 10, 1988, states that the position of the United States includes the IRS's position taken in the judicial proceedings, as well as the Agency's position taken in administrative proceedings as of the earlier of (a) the date of the receipt of the taxpayer of the Internal Revenue Service Office of Appeals; (2) the date of the note of deficiency.

The bankruptcy court did not abuse its discretion in considering government actions beginning at least in January 1986, when the government's own pleadings show that the District Council was involved in this matter.[11] Also worth noting is the fact that actions taken in April, 1986 could

---

**10.** The government contends that Mr. Brost was not an attorney assigned to the case, and that his testimony was of questionable relevance in this case. The court will not reconsider this argument here since it is a point that either has been considered by the bankruptcy court and disregarded, or should have been raised before the bankruptcy court, and there is no new evi-

dence which should encourage this court to reevaluate that court's findings.

**11.** See Record, Item 3, Ex. D: Affidavit of Victoria Crosley, Assistant District Counsel, IRS, and copy of front of Chief Counsel's File, identifying Crosley as an attorney assigned to the case in January, 1986.

be considered under § 7430, since the evidence shows that the government filed its first proof of claim in the Chambers' bankruptcy in April, 1986. The court agrees that by filing the proof of claim, the government inserted itself into these proceedings, taking the position that Chambers owed the IRS money.[12]

The bankruptcy court found that at the agency level, the government was not substantially justified in making the assessment against Ms. Chambers, and noted that the government claimed that six documents were relied on in making the 100% assessment: bank statements, affidavits, tax returns, cancelled checks, corporate financial statements, and bank signature cards. The court found however, no evidence that the government made an effort to investigate the documents or to substantiate its recommendation.[13]

The government claims that the bankruptcy court erred by considering the assessment in deciding whether the government's case against Ms. Chambers was substantially justified. Vicki Chambers was allegedly assessed on October 6, 1980. The proof of claim on the assessment was made on April 17, 1986, and amended the claim in June and October of 1986, increasing the penalty by some $30,000. If the court considered the government's conduct in 1980, to the extent that the court's consideration was error, the court finds that the error was minor.

The bankruptcy court's decision suggests that both filing and amending the proof of claim on the assessment, in 1986, and review of the file by the DOJ attorney who found that Ms. Chambers' was not a responsible person, should have prompted review of the government's "assessment" evidence. The government continued, however, to "make no effort to investigate the documents or to substantiate its recommendation." Given this context, it was not an abuse of discretion for the bankruptcy court to comment on and consider the reasonableness of the initial assessment.

The government also argues that the bankruptcy court erred by holding that notice and demand was required prior to the institution of a civil action for taxes and that the bankruptcy court failed to consider its evidence that it sent notice and demand of its assessment against Vicki Chambers. The court disagrees with this argument for the reasons stated in the bankruptcy court's order of November 29, 1990.

■ The government also argues that the bankruptcy court improperly failed to consider certain evidence which was not introduced at trial. The court also rejects this argument. Much of the government's evidence was not considered at trial, or in the § 7430 proceedings because the government willfully ignored the bankruptcy court's pre-trial order, requiring production of documents in time for objections. Some evidence was excluded because the government did not have witnesses to authenticate their documents. Lack of witnesses made the documents unreliable evidence, and made the government's reliance on these documents unreasonable. Given the problems with the government's presentation of its evidence, the court finds that in

---

**12.** The court agrees that it would be inappropriate to consider the government's conduct only in terms of when Ms. Chambers received notice and demand, on July 28, 1989. As the bankruptcy court noted, Ms. Chambers received notice and demand only after she told the IRS, during a bankruptcy court hearing, that she was never notified of the outcome of the hearing almost four years earlier. The bankruptcy court noted, "[t]he IRS disallowed the debtor's claim for a refund in November 25, 1985. Although the government alleges it sent a copy be certified mail of this decision in November 1985, it has no record of who signed for the letter." (R. Item 13; Memorandum Opinion, 131 B.R. at 824).

**13.** In terms of the documents, the bankruptcy court reasonably found that:

> The bank statements provided no information on the debtor's involvement or control over Federal Storage financial matters. The tax returns, affidavits, and corporate financial statements, were not even admitted into evidence because they contained no information to support the Government's case against the Debtor. At trial, only a bank signature card which authorized the debtor and two others to sign checks, and two checks signed by the Debtor were admitted into evidence.
> This was not enough evidence to find that the debtor was a responsible person under the act.

refusing to consider that evidence in the § 7430 proceedings, the bankruptcy court did not abuse its discretion.[14] It is also worth noting that the facts of this case indicate that despite Ms. Chambers' requests for necessary documents, the government failed to produce many documents in advance of trial pertaining to its case against Ms. Chambers. (Record Item 9, Ex. 14 & 15; letters from counsel for Vicki Chambers to the government seeking documents, including the Form 4340).[15] The court determined that if the government did not have certain evidence against Ms. Chambers until moments before trial, the government could not have been justified in pursuing her during the preceding years. The court does not find that this position was unreasonable.[16]

 Finally, the court notes that other courts have held that the conduct of the IRS alone can cause the position of the United States to not be substantially justified. *In re Graham*, 106 B.R. 692 (Bankr. D.Colo.1989). In this case, as in *Graham*, aside from the weakness of the government's case against Ms. Chambers, the bankruptcy court awarded fees, in part, due to the government's conduct. (See, Memorandum Opinion, 131 B.R. at 826; *In re Graham*, 106 B.R. 692, at 694–695. The court finds that an award of fees and costs

which was based in part on that conduct, was not an abuse of discretion.

Without citing to any pages of the bankruptcy judge's decision, the government also argues that the bankruptcy court erred in considering only the evidence that it considered to be "credible" in determining whether the government's position was substantially justified under § 7430. This appears to be a reference to the testimony of government witness Walter Swerdon, part owner of federal, who had already been found liable for Federal's taxes. The court rejects this argument. The court is not persuaded that the bankruptcy court only relied on evidence which it considered "credible" in determining that the government's position was not substantially justified.

The bankruptcy court's ruling did not depend on the credibility of government witnesses. The bankruptcy court concluded that the government's documentary evidence, and the continuing lack thereof, showed that the government's position was not substantially justified. To the extent that the bankruptcy court found that the government was unreasonable in heavily relying on the testimony of certain witnesses or certain evidence, this finding was not an abuse of discretion. The bankruptcy

---

**14.** The court also finds that it was proper not to consider evidence excluded at trial in the determining whether the government's position was substantially justified. The court could not determine the merit of that evidence, even under § 7430, since it had never been subjected to the scrutiny of the adversarial process.

**15.** Other exhibits were excluded because the government did not have a witness to authenticate the documents. See e.g., Tr. at p. 178, lines 9–23, 181, lines 20–25; 182, lines 1–14; p. 196, lines 1–25; p. 197, lines 1–25.

**16.** For example, one of the documents which the government produced at the last minute was the form 4340, known as the certificate of tax assessment and payments. This document was not produced until the morning of trial, despite instructions in the bankruptcy court's pre-trial order, which explicitly directed the parties to exchange relevant documents and exhibits in advance of trial. For that reason, the Bankruptcy Court excluded the document (and other documents), and any testimony regarding the con-

tents of the document, and refused to consider them at all in this case. The court cannot find that this decision was in error.

The court agrees however, that the government was substantially justified in taking the position that there was no requirement of notice and demand prior to institution of proceedings against Ms. Chambers, since there was some case law which supported their position. *See United States v. Chila*, 871 F.2d 1015 (11th Cir. 1989) (Holding that notice and demand is only required in summary enforcement proceedings, not required prior to the institution of a civil action). Accordingly, whether the government had evidence that it served notice and demand on Ms. Chambers or not, its position that it was not required to do so was substantially justified. The court therefore agrees that fees awarded to the Debtor on the issue of notice and demand should be reversed. The court accepts the government's estimate that the Debtor's attorneys spent approximately 40.5 hours on this issue, that estimate being uncontested, and therefore strikes 40.5 hours from the fee petition.

court's findings were reasonable given the evidence, a witnesses' credibility, the lack of documentary evidence to support a witnesses' testimony, the biases of the witnesses, the lack of a reliable memory of other witnesses, and other evidence which directly contradicted government witness testimony.

The government also suggests that the bankruptcy court wrongly evaluated their position at trial. The government contends that its position was not that Ms. Chambers was the most responsible person for paying Federal's taxes, only that she had the effective power to the pay the taxes, and that this position was substantially justified. The court rejects this argument. The bankruptcy court found that Ms. Chambers was not a responsible person within the meaning of § 6672, and that the government's position that she was a responsible person was not substantially justified. This finding encompasses all of the government's possible positions regarding the meaning of "responsible person". For all of these reasons, the court affirms the bankruptcy court's award of fees and costs under § 7430.

### Conclusion

For the foregoing reasons, the judgment of the bankruptcy court is affirmed in part, and reversed in part. For the reasons stated in this opinion, the court reverses 40.5 hours in attorneys' fees awarded for briefing the issue of notice and demand, and remands this case to the bankruptcy court for further proceedings consistent with this order.